UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONRICO J. HATCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:15-CV-279 PS |
| vs. ) | |
| ) | |
| INDIANA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Ronrico J. Hatch, a *pro se* prisoner, filed an amended complaint (DE 1-2 at 70-82) on June 5, 2015, in the LaPorte Superior Court which was removed here by the United States Department of Labor on July 6, 2015 (DE 1). I screened (DE 4) the amended complaint pursuant to 28 U.S.C. § 1915A. The Department of Labor and the claims against it were dismissed but, in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), Hatch was given an opportunity to file a second amended complaint if he believed that by doing so he could plausibly state a claim against the Department of Labor. He has now filed a second amended complaint. (DE 11.)

Hatch is an inmate at the Indiana State Prison. In his second amended complaint, Hatch alleges that from July 6, 2007, to October 28, 2013, he was enrolled in the Paralegal Apprenticeship Program at the prison. He alleges that program was operated by the Indiana Department of Corrections ("IDOC") and registered with the United

States Department of Labor. His participation in the program ended when IDOC Apprenticeship Coordinator Kristal Kajer discontinued the program in December 2013.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Originally, Hatch did not attach a copy of the contract which he alleged was breached and therefore it was unclear why he believed that the Department of Labor had a contract with him. He has now provided that contract. (DE 8-1 at 3.) However, it is not a contract with the Department of Labor. Rather it is "a written agreement, complying with §29.7 between an apprentice [Hatch] and . . . the apprentice's program sponsor [IDOC] . . ., which contains the terms and conditions of the employment and training of the apprentice." 29 C.F.R. § 29.2. Thus, there is no express contract between Hatch and the Department of Labor.

Hatch further alleges that the actions of Kristal Kajer, as an agent for the Apprenticeship Sponsor (IDOC) and Registration Agency (the Department of Labor), cause the Department of Labor to become liable. Notably, in *Lopinson v. United States*, 15 Cl. Ct. 712 (1988), the Court of Claims addressed similar claims raised by State prisoners

2

seeking to hold the United States liable in connection to apprenticeships programs in which they participated. There, the court found that the Department of Labor "played a considerable role in the functioning of the apprenticeship program [and that the] plaintiff's decisions to contract were no doubt influenced by [the Department of Labor employee's] representations . . .." *Id.* at 715. Nevertheless, it found that "such activity does not bind the Federal Government contractually to the plaintiffs [and] substantial involvement by a Government agency in contract negotiations simply does not itself create an implied-in-fact contract." *Id.*

Here, Hatch's allegations demonstrate far less involvement by the Department of Labor than existed in *Lopinson*. Kristal Kajer is an employee of the Indiana Department of Correction, not the Department of Labor. (DE 11 at 4.) Nevertheless, even if she had been an employee, the United States is not liable for promises made by employees unless the employee who made the promise had the authority to do so. "Nowhere in those regulations [cited to by Hatch] is [the Department of Labor] granted authority to contract with private individuals concerning apprenticeship training . . .." *Lopinson*, 15 Ct. Cl. at 715. Moreover, Kajer is not alleged to have promised Hatch something, but rather to have violated Department of Labor apprenticeship program rules.

Though Hatch argues that the Department owes him a fiduciary duty because it created and failed to enforce rules which should have benefitted him, "[a]n attempt to implement standards which promote the common good and general welfare clearly constitutes a sovereign act." *Id.* at 716. As such, the department has sovereign immunity

and cannot be sued. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). For all of these reasons, Hatch does not state a claim against the Department of Labor and the claims against it must be dismissed.

This case was removed here solely because the Department of Labor is an agency of the United States. Without the Department of Labor, it would not be appropriate for me to exercise supplemental jurisdiction over the remaining defendants and claims. *See Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir.2010) ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims.") and *Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction before trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)."). The parties have been afforded the opportunity to explain why the court should retain supplemental jurisdiction, but no attempt was made to do so. Therefore this case will be remanded to the LaPorte Superior Court.

For these reasons, the court:

(1) **DISMISSES** the claims against the United States Department of Labor;

(2) **DISMISSES** the United States Department of Labor;

(3) **DECLINES** to exercise supplemental jurisdiction over the remaining State law claims; and

4

(4) **REMANDS** the remaining State law claims to the LaPorte Superior Court.

**SO ORDERED**.

ENTERED: January 26, 2016.	s/Philip P. Simon
	Chief Judge
	United States District Court